# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KAREN H.,**[1]<br><br>        Plaintiff,<br><br>    v.<br><br>**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION**,<br><br>        Defendant. | Case No. 6:18-cv-01082-JR<br><br>**OPINION AND ORDER** |

Merrill Schneider, Schneider Kerr & Gibney, P.O. Box 14490, Portland, Oregon 97293. Attorney for Plaintiff.

Billy J. Williams, United States Attorney, and Renata Gowie, Assistant United States Attorney, United States Attorney's Office, 1000 SW Third Avenue, Suite 600, Portland, Oregon 97204; Leisa A. Wolf, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, Washington 98104. Attorneys for Defendant.

**IMMERGUT, District Judge.**

      Plaintiff Karen H.[1] appeals the decision by the Commissioner of the Social Security

Administration ("Commissioner" or "Defendant") denying her application for disability

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.

PAGE 1 – OPINION AND ORDER

insurance benefits under Title II of the Social Security Act. On October 1, 2019, Magistrate Judge Jolie A. Russo issued her Findings and Recommendation ("F&R"), concluding that this Court should affirm the Commissioner's decision. ECF 18. Plaintiff timely filed objections, ECF 20, to which Defendant responded, ECF 21.

This Court has reviewed de novo the portion of the F&R to which Plaintiff objected. For the following reasons, the Court adopts Judge Russo's F&R and AFFIRMS the Commissioner's decision.

## STANDARD OF REVIEW

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, sua sponte" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## BACKGROUND[2]

Prior to the application at issue in this case, Plaintiff had filed a previous claim for disability insurance benefits and supplemental security income. *See* AR 123. Those applications,

---

[2] The Court declines to adopt the background section of the F&R and provides this summary in its place.

PAGE 2 – OPINION AND ORDER

which were dated January 19, 2011, alleged disability beginning on January 7, 2009. *See id.* An Administrative Law Judge ("ALJ") for the Social Security Administration denied those applications in a written decision dated November 30, 2012. AR 133.

At issue in this proceeding is Plaintiff's March 31, 2014 application for disability insurance benefits under Title II of the Social Security Act. *See* AR 15. She alleges disability since January 7, 2009. *See id.* Her application was denied initially and upon reconsideration. AR 173, 179. Plaintiff appeared before an ALJ at a hearing held June 22, 2017. AR 33–80. On July 26, 2017, the ALJ issued a decision finding Plaintiff not disabled. AR 15–27. On April 23, 2018, the Appeals Council declined Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 1–3. This appeal followed.

## DISCUSSION

Plaintiff contends that the Commissioner erred by not according res judicata effect to findings on Plaintiff's previous application for disability benefits. ECF 20 at 1–2. In that earlier proceeding, the ALJ denied Plaintiff's application for disability benefits, but found that that Plaintiff would miss two days of work per month due to pain. AR 131–33. Judge Russo concluded that the ALJ in this proceeding was not required to adopt that finding because new medical evidence in the current record supported a revised residual functional capacity ("RFC"). *See* ECF 18 at 6–7.

When a social security claimant has previously filed for and been denied disability benefits, she must demonstrate "evidence of 'changed circumstances' in order to overcome a presumption of continuing non-disability." *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173 (9th Cir. 2008) (quoting *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988)). Once the claimant provides that evidence, findings in the earlier RFC "are entitled to some res judicata consideration" and "cannot be reconsidered by a subsequent judge absent new information not

PAGE 3 – OPINION AND ORDER

presented to the first judge." *Id.* However, this principle does not bar the ALJ in the subsequent proceeding from revising the claimant's RFC based on "new and material information not presented to the first ALJ." *See id.*

Plaintiff argues that without evidence that her underlying conditions have improved, the ALJ in this proceeding was required to adopt the previous ALJ's finding that Plaintiff would miss two days of work per month. ECF 20 at 1; *see* AR 127–31. However, the Ninth Circuit has rejected this argument. *See Nursement v. Astrue*, 477 F. App'x 453, 455 (9th Cir. 2012) (holding that "evidence of medical improvement is not required in order to reconsider prior findings after a previous determination of non-disability" (citations and quotation marks omitted)). Here, the ALJ properly relied on medical records from 2013 and a new report by Martin Kehrli, M.D., dated September 24, 2014. *See* AR 23–24, 146–51. This evidence, which addressed Plaintiff's symptoms of pain, "necessarily presented new and material information not presented to the first ALJ." *Stubbs-Danielson*, 539 F.3d at 1173. Thus, as Judge Russo concluded, the ALJ was not required to adopt the previous ALJ's findings, and this record provided substantial evidence to support the ALJ's analysis. ECF 18 at 6–7.[3]

---

[3] Plaintiff also suggests that the ALJ erred by failing to address an opinion by Jeffrey S. Stoessl, M.D. *See* ECF 20 at 1–2. However, the previous ALJ did not accord that opinion great weight, *see* AR 131, and the ALJ here observed that Dr. Stoessl's opinion was not from the time period relevant to the current application, AR 25. Plaintiff has not provided any authority that obligated the ALJ in this proceeding to address Dr. Stoessl's opinion in more detail, and nothing in *Chavez v. Bowen* or AR 97-4(9) establishes such an obligation. *See Chavez*, 844 F.2d at 694; AR 97-4(9), *available at* 1997 WL 742758, at *3. Instead, the ALJ properly relied on new evidence in formulating Plaintiff's RFC. *See* AR 23–24.

PAGE 4 – OPINION AND ORDER

## CONCLUSION

This Court has reviewed de novo the portions of Magistrate Judge Russo's F&R to which Plaintiff objected. This Court AFFIRMS the Commissioner's decision and DISMISSES this case with prejudice.

**IT IS SO ORDERED**.

DATED this 29th day of January, 2020.

/s/ Karin J. Immergut  
Karin J. Immergut  
United States District Judge